# United States Court of Appeals

*for the*

# Eighth Circuit

—————◆—————

Case No. 24-3478

DON GIBSON, individually and on behalf of all others similarly situated; LAUREN CRISS, individually and on behalf of all others similarly situated; JOHN MEINERS, individually and on behalf of all others similarly situated; DANIEL UMPA,

*Plaintiffs-Appellees,*

– v. –

NATIONAL ASSOCIATION OF REALTORS,

*Defendant,*

COMPASS, INC.,

*Defendant-Appellee,*

EXP WORLD HOLDINGS, INC.,

*Defendant,*

REDFIN CORPORATION,

*Defendant-Appellee,*

WEICHERT CO.,

*Defendant,*

UNITED REAL ESTATE,

*Defendant,*

DOUGLAS ELLIMAN, INC.,

*Defendant-Appellee,*

BERKSHIRE HATHAWAY ENERGY COMPANY; HOMESERVICES OF AMERICA; BHH AFFILIATES, LLC; HSF AFFILIATES, LLC; THE LONG & FOSTER COMPANIES, INC.; KELLER WILLIAMS REALTY, INC.; FIVE D I, LLC, doing business as United Real Estate; PREMIERE PLUS REALTY, CO.; CHARLES RUTENBERG REALTY - ORLANDO, LLC; HANNA HOLDINGS, INC.,

*Defendants,*

DOUGLAS ELLIMAN REALTY, LLC; AT WORLD PROPERTIES, LLC; THE REAL BROKERAGE, INC.; REAL BROKER, LLC; REALTY ONE GROUP, INC.,

*Defendants-Appellees,*

HOMESMART INTERNATIONAL, LLC,

*Defendant,*

ENGEL & VOLKERS GMBH; ENGEL & VOLKERS AMERICAS, INC.,

*Defendants-Appellees,*

NEXTHOME, INC.; EXIT REALTY CORP. INTERNATIONAL;
EXIT REALTY CORP. USA; WINDERMERE REAL ESTATE SERVICES COMPANY, INC.;
WILLIAM L LYON & ASSOCIATES, INC.; WILLIAM RAVEIS REAL ESTATE, INC.;
JOHN L. SCOTT REAL ESTATE AFFILIATES, INC.; THE KEYES COMPANY;
ILLUSTRATED PROPERTIES, LLC; PARKS PILKERTON VILLAGE REAL ESTATE;
CRYE-LEIKE, INC.; BAIRD & WARNER REAL ESTATE, INC.; REAL ESTATE ONE, INC.;
THE K COMPANY REALTY, LLC, doing business as LoKation;
EXP REALTY, LLC; WEICHERT REAL ESTATE AFFILIATES, INC.;
JOHN L. SCOTT, INC.; KNIE & SHEALY,

*Defendants,*

– v. –

MONTY MARCH,

*Objector-Appellant.*

---

### Objector-Appellant Monty March's Amended
### Motion to Supplement the Record on Appeal

---

Pursuant to Fed. R. App. P. 10(e)(2)(C), Objector-Appellant Monty March moves to supplement the record on appeal to include a handful of documents which do not appear in the district court record of the case below, *Gibson v. The Nat'l Ass'n of Realtors*, 23-cv-00788-SRB (W.D. Mo.). Copies of those documents are attached hereto as Exhibits 1 to 5. As grounds therefore, Objector-Appellant states as follows:

1.      This case involves a nationwide conspiracy to fix realtor commissions through rules set by The National Association of Realtors ("NAR").

2

2. Objector-Appellant Monty March is one of the lead plaintiffs in a suit pending in the Southern District of New York, *March v. Real Estate Board of New York*, 23-cv-9995 (S.D.N.Y.), which challenges an entirely different commission fixing conspiracy involving the Real Estate Board of New York ("REBNY"). The case pending in the Southern District of New York has nothing to do with NAR.

3. Monty March is objecting to the brokerage settlements in the *Gibson* case because these settlements improperly seek to extinguish the REBNY based conspiracy claims in his case. Monty March is also objecting to the related settlement in the companion case of *Burnett v. National Ass'n of Realtors et al.*, No. 19-cv-332-SRB (W.D. Mo.), on the same grounds.

4. In the course of preparing his appellate brief, March's counsel discovered that certain documents necessary to present his appeal were not in the docket of the case below even though they related to this case. All of these documents were filings in *Burnett* or a JPML proceeding instituted by the plaintiffs here regarding these same cases.

5. Exhibit 1 is an Order of the Judicial Panel On Multidistrict Litigation denying the motion brought by the plaintiffs in this case[1] to centralize the litigation of Objector Monty March's case, among others, with this case and the *Burnett* case

---

[1] Don Gibson, Lauren Criss, John Meiners, and Daniel Umpa.

Appellate Case: 24-3478    Page: 3    Date Filed: 05/13/2025 Entry ID: 5516333

in the Western District of Missouri. Order Denying Transfer, *In re Real Estate Comm'n Antitrust Litig.*, Doc. 558, MDL-3100 (J.P.M.L. April. 12, 2024).

6.      Exhibit 2 is Exhibit 1 to Objector Robert Friedman's Objection to the National Class Action Settlement with the National Association of Realtors, the Related "Opt-In" Settlements with Brown Harris Stevens and the Agency, and the Releases Provided to Non-Contributing Brokerages in the *Burnett* case. That Exhibit 1 to Mr. Friedman's Objection is Defendants' Memorandum in Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Counsel, filed June 14, 2022 in *Moehrl v. the National Association of Realtors, et al.*, No. 1:19-CV-01610 (N.D. Ill.).

7.      Exhibits 3 - 5 are also documents from the *Burnett* case relating to the District Court's decision in both this case and the *Burnett* case to require all objectors ***and*** their counsel to appear in person for hearings on the final approval of settlements after having previously published Notices of Settlement to the classes explicitly stating that objectors ***did not*** have to appear at each respective final approval hearing to have their objections considered.

8.      The *Gibson* and *Burnett* cases involved the same subject matter, had overlapping plaintiffs,[2] and were before the same judge. The district court treated

---

[2] The plaintiffs listed in the *Gibson* final approval order, Don Gibson, Lauren Criss, John Meiners, and Daniel Umpa, are also listed as being among the plaintiffs in the *Burnett* final approval order. *Compare Gibson v. NAR*, Order (granting final

Appellate Case: 24-3478    Page: 4    Date Filed: 05/13/2025 Entry ID: 5516333

*Gibson* and *Burnett* as substantially the same case. For example, the Order

(granting final approval of settlements) in *Gibson* from which March is appealing

cited *Burnett* over twenty times, often relying on it, and the *Gibson* Final Approval

Order even explicitly relied on the evidentiary record in *Burnett* to overrule

March's objection here. Order (granting final approval of settlements) (Doc. 530)

at ¶ 60 (explicitly relying on *Burnett* factual record to overrule March's objection);

*see also* ¶¶ 22, 23, 28, 33 (relying on *Burnett*); ¶ 79 (explicitly relying on *Burnett*

factual record when overruling another *Gibson* objection); ¶¶ 107-08 (considering

work done in *Gibson*, *Burnett*, and two other companion cases together to justify

attorney's fee award in *Gibson*).

9. Exhibit 3 is a Transcript of Settlement Conference Held on May 9,

2024, *Burnett* Doc. 1492.

10. Exhibit 4 is Suggestions in Support of Objector Tanya Monestier's

Motion for Reconsideration of Order Compelling Attendance at Fairness Hearing,

*Burnett* Doc. 1575 (Nov. 12, 2024).

11. Exhibit 5 is the Objection of Anthony Phillips, *Burnett* Doc. 1455

(Apr. 19, 2024).

---

approval of settlements), Doc. 530, at 1 n. 1, No. 23-cv-00788-SRB (Nov. 4, 2024), *with Burnett v. NAR*, Order (granting final approval of settlements), Doc. 1622, at 1 n. 1, No. 19-cv-00332-SRB (Nov. 27, 2024)

Appellate Case: 24-3478     Page: 5     Date Filed: 05/13/2025 Entry ID: 5516333

12. Indeed, Exhibits 3 - 5 could not have been included in March's *Gibson* objection because the issue they relate to only arose after the filing of March's Objection on October 3, 2024 (Doc. 470), when the district court entered its text Order compelling attendance on October 21, 2024 (Doc. 510).

13. In order to fully develop his arguments to this Court, March needs to include Exhibits 1 to 5 in the record on appeal, and cite to these documents in his opening brief.

For the foregoing reasons, Objector Monty March respectfully requests that the Court order the Clerk to supplement the record on appeal to include the attached Exhibits 1 to 5.

Dated: May 13, 2025

Respectfully submitted,

By: */s/ Louis M. Bograd*
Louis M. Bograd
**MOTLEY RICE LLC**
401 9th St. NW, Suite 630
Washington, DC 20004
Telephone: (202) 386-9623
lbograd@motleyrice.com

Michael M. Buchman
Nathaniel Blakney
**MOTLEY RICE LLC**
800 Third Avenue, Suite 2401
New York, New York 10022
Telephone: (212) 577-0040
mbuchman@motleyrice.com
nblakney@motleyrice.com

Marvin A. Miller

Appellate Case: 24-3478    Page: 6    Date Filed: 05/13/2025 Entry ID: 5516333

Matthew E. Van Tine
**MILLER LAW LLC**
53 W. Jackson Blvd., Suite 1320
Chicago, Illinois 60604
Telephone: (312) 332-3400
MMiller@millerlawllc.com
MVantine@millerlawllc.com

*Counsel for Objector-Appellant Monty March*

7

# <u>CERTIFICATE OF COMPLIANCE</u>

1.  This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this statement has been prepared in 14-point Times New Roman font.

2.  This motion complies with Fed. R. App. P. 27(d)(2)(A) because the word count is 887 words.

3.  This motion complies with the requirements of Local Rule 28A(h)(2) because it has been scanned for viruses and is free of viruses.

Dated:  May 13, 2025

*/s/  Louis M. Bograd*

By:  Louis M. Bograd

Attorney for Objector-Appellant
Monty March

Appellate Case: 24-3478     Page: 8     Date Filed: 05/13/2025 Entry ID: 5516333

# CERTIFICATE OF SERVICE

The undersigned attorney for Objector-Appellant Monty March certifies that on May 13, 2025, an electronic copy of the Motion to Supplement the Record on Appeal of Objector-Appellant was filed with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Dated:  May 13, 2025

*/s/  Louis M. Bograd*

By:  Louis M. Bograd

Attorney for Objector-Appellant
Monty March

Appellate Case: 24-3478     Page: 9     Date Filed: 05/13/2025 Entry ID: 5516333